UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOSEPH C. LAVIN, *et al.*,

    Defendants.

Case No. C07-1188RSL

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on a motion for summary judgment filed by plaintiff the Securities and Exchange Commission ("SEC"). The SEC seeks summary judgment on all of its claims against both defendants, Joseph C. Lavin and Global Asset Partners, LLP (collectively, "defendants"). Neither defendant responded to the motion.

    Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). Similarly, pursuant to Local Rule 7(b)(2), the Court considers defendants' failure to respond to the motion "as an admission that the motion has merit."

Moreover, the SEC's filings, defendants' admissions in their answer to the complaint, and Lavin's plea agreement establish the elements of the SEC's claims against defendants. There are no genuine issues of material fact. Accordingly, the SEC is entitled to summary judgment.

The Court GRANTS the SEC's motion for summary judgment (Dkt. #7). The Clerk of the Court is directed to enter judgment in favor of the SEC and against defendants.

DATED this 17th day of July, 2008.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2